UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

VILMA ARACELY PEREZ a/k/a VILMA )
ARACELY CAAL BARAHONA, )
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　vs. )
　　　　　　　　　　　　　　　　　　　　)
JUAN IGNACIO PAIZ, )
ANNA ROSMARIE ROMERO DE PAIZ, )
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS AND MINIMUM WAGE VIOLATIONS, CLAIM FOR UNPAID WAGES UNDER F.S. § 448.08 AS AN ALTERNATIVE CLAIM TO PLAINTIFF'S MINIMUM WAGE COUNT, CLAIM FOR BREACH OF CONTRACT, AND CLAIM FOR UNJUST ENRICHMENT**

Plaintiff, VILMA ARACELY PEREZ a/k/a VILMA ARACELY CAAL BARAHONA, through undersigned counsel, files this Complaint against Defendants, JUAN IGNACIO PAIZ, and ANNA ROSMARIE ROMERO DE PAIZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant JUAN IGNACIO PAIZ resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant ANNA ROSMARIE ROMERO DE PAIZ resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for the relevant time period.

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

6. This action arises under the laws of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 206(a)(1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than—$5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. Plaintiff worked for Defendants as a domestic live-in housekeeper at Defendant's residence from on or about January 7, 2012 through on or about October 1, 2016.[1]

10. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendants is covered under the Fair

---

[1] Plaintiff worked for Defendants from on or about the year 2007 through on or about January 6, 2012 in Guatemala.

Labor Standards Act.

11. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

12. Additionally, Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. 29 C.F.R. 785.22 states also that "[w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can

usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted." It further states that "if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time."

14. Between the period of on or about January 7, 2012 through on or about October 1, 2016, Plaintiff worked an average of 85 hours a week for the Defendants. Plaintiff was paid an average of $2.94/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.94/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours worked.

15. The Defendants' wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

16. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION AS AN ALTERNATIVE TO COUNT I

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. Count II is plead in the alternative of Count I. *See,* FN2 herein.
18. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.
19. Plaintiff asserts that the alleged contract entered into by and between Plaintiff and

Defendants was not reasonable as it was created for the sole purpose of obtaining a work visa for Plaintiff and was not a controlling contract as to the work-terms of Plaintiff and Plaintiff's employment with Defendants. Further, the contact is not reasonable as it is not indicative of the actual number of hours worked by Plaintiff as contemplated by the Parties. Also, the alleged contract entered into by and between Plaintiff and Defendants was procured fraudulently by the Defendants and only to obtain Plaintiff's work visa while in the United States while the Defendants never intended for Plaintiff to only work 40 hours a week.

20. Further, Defendants obtained the signature of Plaintiff on the alleged contract by way of fraud in the inducement and Defendants caused Plaintiff to entered into the alleged contract by way of misrepresentation as it was intended for the sole purpose of obtaining a work visa for Plaintiff and was not a controlling contract as to the work-terms of Plaintiff and Plaintiff's employment with Defendants.

21. Should the Court of a competent jurisdiction and/or the factfinder (Jury) determine there to be a valid written agreement by and between Plaintiff and Defendants, which is disputed, Plaintiff maintains that when hired by Defendants, Defendants advised Plaintiff she would be paid an average of $8.64 per hour intended only for 40 hours of work a week and that Plaintiff worked an average of 85 hours a week for Defendants.[2]

---

[2] Plaintiff claims the hourly rate of an average of $8.64/hr. intended for only 40 hours of work a week based on the agreement by and between Plaintiff and Defendants, should a Court of competent jurisdiction and/or a Jury determine there to be a valid contact, which is herein disputed. Plaintiff reserves her right to argue to a Jury that the wages due and owing to her should be based on her hourly rate of $8.64/hr. intended for only 40 hours of work a week based on a disputed agreement and will request the factfinder (the Jury) ultimately determine her entitlement. In the alternative, to the extent Plaintiff's claim for Count I overlaps with Plaintiff's claim for Count II, Plaintiff's is claiming the higher of the two applicable rates. Plaintiff reserves the right to seek *additional* time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same. Plaintiff reserves the right to claim the higher of the two calculations and in no way waive said rights.

22. Should there be found to be a valid agreement by and between Plaintiff and Defendants, between the period of on or about January 7, 2012 through on or about October 1, 2016, Plaintiff worked an average of 85 hours a week for the Defendants. Plaintiff was paid an average of $8.64 per hour for only 40 hours of work a week for Defendants but was never paid anything at all for an average of 45 hours of work a week for Defendants in violation of the Fair Labor Standards Act as said payment of $0.00/hr for an average of 45 hours of work a week for Defendants did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate of $0.00/hr and the applicable minimum wage rate of $7.25/hr for an average of 45 hours of work a week for Defendants.

23. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

24. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to

be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III. CLAIM FOR UNPAID WAGES UNDER F.S. § 448.08 AS AN ALTERNATIVE CLAIM TO COUNT II

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25. This Court has jurisdiction for Plaintiff unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

26. Should the Court of a competent jurisdiction and/or the factfinder (Jury) determine there to be a valid written agreement by and between Plaintiff and Defendants, which is disputed, Plaintiff maintains that when hired by Defendants, Defendants advised Plaintiff she would be paid an average of $8.64 per hour intended only for 40 hours of work a week and that Plaintiff worked an average of 85 hours a week for Defendants.[3]

27. Should there be found to be a valid agreement by and between Plaintiff and Defendants, between the period of on or about January 7, 2012 through on or about October 1, 2016,

---

[3] Plaintiff claims the hourly rate of an average of $8.64/hr. intended for only 40 hours of work a week based on the agreement by and between Plaintiff and Defendants, should a Court of competent jurisdiction and/or a Jury determine there to be a valid contact, which is herein disputed. Plaintiff reserves her right to argue to a Jury that the wages due and owing to her should be based on her hourly rate of $8.64/hr. intended for only 40 hours of work a week based on a disputed agreement and will request the factfinder (the Jury) ultimately determine her entitlement. In the alternative, to the extent Plaintiff's claim for Count I overlaps with Plaintiff's claim for Count II, Plaintiff's is claiming the higher of the two applicable rates. Plaintiff reserves the right to seek *additional* time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same. Plaintiff reserves the right to claim the higher of the two calculations and in no way waive said rights.

Plaintiff worked an average of 85 hours a week for the Defendants. Plaintiff was paid an average of $8.64 per hour for only 40 hours of work a week for Defendants but was never paid anything at all for an average of 45 hours of work a week for Defendants in violation of the Fair Labor Standards Act as said payment of $0.00/hr for an average of 45 hours of work a week for Defendants did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff is owed unpaid wages at the applicable minimum wage rate for an average of 45 hours worked a week for Defendants for which Defendants did not pay Plaintiff anything at all.

28. Plaintiff therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid all her wages for an average of 45 hours per week worked for Defendants.

29. To the extent that the unpaid wages claim and minimum wages claim are duplicative, Plaintiff requests the greater of the two.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT IV. BREACH OF CONTRACT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-29 above and further states:

30. This Court has jurisdiction for Plaintiff's breach of contract claim.

31. Should the Court of a competent jurisdiction and/or the factfinder (Jury) determine there to be a valid written agreement by and between Plaintiff and Defendants, which is disputed, Plaintiff maintains that when hired by Defendants, Defendants advised Plaintiff she would be paid an average of $8.64 per hour intended only for 40 hours of work a week and that Plaintiff worked an average of 85 hours a week for Defendants as set forth in Paragraph 19 above.[4]

32. Between the period of on or about January 7, 2012 through on or about October 1, 2016, Plaintiff complied with all conditions precedent to the alleged contract and Plaintiff worked an average of 85 hours a week for the Defendants. Plaintiff was paid an average of $8.64 per hour for only 40 hours of work a week for Defendants but was never paid anything at all for an average of 45 hours of work a week for Defendants. Defendants, however, have not paid Plaintiff any wages for an average of 45 hours of work a week for the Defendants.

33. Plaintiff is still owed by Defendants an average of 8.64 per hour for an average of 45 hours a

---

[4] Plaintiff claims the hourly rate of an average of $8.64/hr. intended for only 40 hours of work a week based on the agreement by and between Plaintiff and Defendants, should a Court of competent jurisdiction and/or a Jury determine there to be a valid contact, which is herein disputed. Plaintiff reserves her right to argue to a Jury that the wages due and owing to her should be based on her hourly rate of $8.64/hr. intended for only 40 hours of work a week based on a disputed agreement and will request the factfinder (the Jury) ultimately determine her entitlement. In the alternative, to the extent Plaintiff's claim for Count I overlaps with Plaintiff's claim for Count II, Plaintiff's is claiming the higher of the two applicable rates. Plaintiff reserves the right to seek *additional* time and one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same. Plaintiff reserves the right to claim the higher of the two calculations and in no way waive said rights.

week for work Plaintiff rendered on behalf of Defendants.

34. Plaintiff has performed all duties under the contract, and as such Defendants have breached said alleged contract.

35. Defendants breached the contract with Plaintiff and Plaintiff has been damaged.

36. Plaintiff therefore claims an average of $8.64/hr for an average of 45 hours of work a week for Defendants owed to Plaintiff.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of contract, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT V. UNJUST ENRICHMENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-36 above and further states:

37. Plaintiff reasserts and re-alleges paragraphs 28-34 above regarding Plaintiff's Claim for Breach of Contract (Count IV), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment. Plaintiff seeks this claim in equity based on such facts, should it be determined she cannot recover at law under a breach theory.

38. Due to the aforesaid facts (also relevant to Plaintiff's claim for breach of contract – Count IV), the Plaintiff has conferred a benefit upon the Defendants. The Defendants have

knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for them, because Defendants chose to maximize their domestic staff.

39. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants were legally responsible to pay for

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
   J.H. Zidell, Esq.
  Florida Bar Number: 0010121